**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

<table>
<tr><td>

CATFISH FARMERS OF AMERICA, *et al.*,

Plaintiffs,

v.

UNITED STATES,

Defendant.

</td><td>

Before: Hon. _____,
              Judge

Court No. 24-00126

</td></tr>
</table>

<u>**COMPLAINT**</u>

Plaintiffs Catfish Farmers of America and individual U.S. catfish processors America's Catch, Inc., Alabama Catfish, LLC d/b/a Harvest Select Catfish, Inc., Consolidated Catfish Companies, LLC d/b/a Country Select Catfish, Delta Pride Catfish, Inc., Guidry's Catfish, Inc., Heartland Catfish Company, Magnolia Processing, Inc. d/b/a Pride of the Pond, and Simmons Farm Raised Catfish, Inc. (collectively, "CFA"), by and through their attorneys, allege and state as follows:

<u>**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**</u>

CFA brings this Complaint to contest portions of the final results issued by the U.S. Department of Commerce ("Commerce") in the 2022-2023 new shipper review of the antidumping duty order on certain frozen fish fillets from the Socialist Republic of Vietnam. The final results were issued on June 14, 2024 and were published in the *Federal Register* on June 25, 2024. *See Certain Frozen Fish Fillets from the Socialist Republic of Vietnam*, 89 Fed. Reg. 53,043 (Dep't Commerce June 25, 2024) (final results of antidumping duty new shipper rev.; 2022-2023) ("*Final Results*") and accompanying Issues and Decision Memorandum ("Final Decision Memo").

Court No. 24-00126

## JURISDICTION

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930, *codified as amended at* 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii).

## STANDING

2.      CFA is a trade association, a majority of whose members manufacturer or process the domestic like product, as well as individual domestic producers and processors of the domestic like product. Accordingly, CFA is an interested party within the meaning of 19 U.S.C. § 1677(9)(C) and (G). CFA was also a party to the new shipper review in connection with which this matter arises, and actively participated in the review. Accordingly, CFA has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

3.      CFA commenced this action by filing a Summons on July 24, 2024, within 30 days after the publication of the Final Results in the *Federal Register*. Summons (July 24, 2024), ECF No. 1. CFA is filing this Complaint within 30 days after filing the Summons. The Summons and Complaint, therefore, are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

4.      On March 23, 2023, Commerce initiated the new shipper review subject to this Complaint, based on a request from Vietnamese exporter Co May Import Export Company Limited ("Co May"). *See, e.g.,  Certain Frozen Fish Fillets from the Socialist Republic of Vietnam*, 89 Fed. Reg. 5,862 (Dep't Commerce Jan. 30, 2024) (prelim. results of new shipper review; 2022-2023). In the preliminary results, Commerce calculated a zero percent margin for Co May. *See id.*

Court No. 24-00126

5.      In its case brief, CFA argued that Commerce should have determined that Co May did not have a *bona fide* sale to the U.S. market during the period covered by the review. Letter from Wiley Rein LLP to Sec'y Commerce, re: *Certain Frozen Fish Fillets from the Socialist Republic of Vietnam: Case Brief* (May 17, 2024) at 1-8. CFA explained that Co May and its U.S. customer for the sale that formed the basis for the review had not properly cooperated with the agency's proceedings, and had also improperly filed untimely and unsolicited factual information. *Id.* at 2-6. Beyond this, CFA argued that the record showed that the goods were not resold by the U.S. customer for a profit, indicating that the sale between Co May and the U.S. customer was not bona fide. *Id.* at 6-8. CFA also argued that the U.S. customer had not properly substantiated certain information that it reported and misrepresented facts pertinent to its resale of the goods to a downstream customer. *Id.* at 8-13. Finally, CFA argued that Commerce had improperly ignored record evidence demonstrating that Co May's sale was a sample sale of the kind that the agency traditionally considered non-*bona fide*, and otherwise unreflective of normal commercial practices and likely future sales. *Id.* at 13-17.

6.      In the final results, Commerce found that Co May's single sale during the period covered by the review was *bona fide* and continued to calculate a zero percent margin for the company. *Final Results*, 89 Fed. Reg. at 53,044; Final Decision Memo at 4. Commerce found that the U.S. customer had resold the goods at a profit, notwithstanding the fact that the resale price was lower than the duty-inclusive price at which the U.S. customer purchased the goods from Co May. Final Decision Memo at 5. Commerce next found that the U.S. customer had appropriately reported and substantiated expenses associated with the goods it purchased from Co May, although the U.S. customer had not reported certain expenses that would normally be associated with the transportation and resale of imported merchandise. *Id.* at 5-7. The agency found it irrelevant

Court No. 24-00126

whether the resale of the goods was at arm's length, although the nature of this sale price implicated

the commercial reasonableness of the transaction between Co May and the U.S. customer. *Id.* at

7-8. Commerce found that the record did not support the conclusion that Co May's sale to the U.S.

customer was a sample sale or otherwise unreflective of normal commercial practices and likely

future transactions, despite substantial distinctions in the sale's product type, volume, and pricing

relative to other sales made by Co May. *Id.* at 8-9. Finally, Commerce found that Co May and its

U.S. customer adequately and appropriately responded to the agency's information requests,

despite Co May's inability to provide certain information and its customer's submission of

untimely, unsolicited data. *Id.* at 9-11.

## CLAIMS AND BASES FOR RELIEF

### Count I

7.      CFA hereby realleges and incorporates by reference paragraphs 1 through 6.

8.      Commerce's treatment of Co May's sale as bona fide is not supported by substantial

evidence, is inadequately explained, and is otherwise contrary to law.

Court No. 24-00126

## <u>REQUEST FOR JUDGMENT AND RELIEF</u>

For the reasons stated in this Complaint, CFA respectfully requests that the Court:

(1)     Hold that Commerce's Final Results in the 2022-2023 antidumping duty new shipper review of *Certain Frozen Fish Fillets from the Socialist Republic of Vietnam* are not supported by substantial evidence on the record, are inadequately explained, and are otherwise not in accordance with law; and

(2)     Remand the Final Results to Commerce for disposition consistent with the Court's final opinion.

Respectfully submitted,

*/s/ Nazak Nikakhtar*
Nazak Nikakhtar, Esq.
Maureen E. Thorson, Esq.
Stephanie M. Bell, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for CFA*

Dated: August 23, 2024

## CERTIFICATE OF SERVICE

PUBLIC SERVICE

***Catfish Farmers of America, et al. v. United States***
**Court No. 24-126**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on August 23, 2024.

/s/ Maureen E. Thorson
Maureen E. Thorson, Esq.

Matthew J. McConkey, Esq,
**Mayer Brown, LLP**
1999 K Street, NW
Washington, DC 20006

General Counsel
**U.S. Department of Commerce**
14th St. and Constitution Ave., NW
Washington, DC 20230

Kara Marie Westercamp
Civil Division – Commercial Litigation
Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Robert L. LaFrankie, Esq.
**Crowell & Moring LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Attorney in Charge
International Trade Field Office
**U.S. Department of Justice, Civil Division**
Room 346, 3rd Floor
26 Federal Plaza
New York, NY 10278