**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

CATFISH FARMERS OF AMERICA, *et al.,*

                        **Plaintiffs,**

              **v.**

UNITED STATES,

                        **Defendant.**

Before: Hon. Jane A. Restani,
         Sr. Judge

Court No. 24-00126

<u>**PLAINTIFFS' COMMENTS IN SUPPORT OF THE**</u>
<u>**FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND**</u>

Nazak Nikakhtar, Esq.
Maureen E. Thorson, Esq.
Stephanie M. Bell, Esq.
John Allen Riggins, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the Catfish Farmers of America and individual U.S. catfish processors America's Catch, Inc., Alabama Catfish, LLC d/b/a Harvest Select Catfish, Inc., Consolidated Catfish Companies, LLC d/b/a Country Select Catfish, Delta Pride Catfish, Inc., Guidry's Catfish, Inc., Heartland Catfish Company, Magnolia Processing, Inc. d/b/a Pride of the Pond, and Simmons Farm Raised Catfish, Inc.*

**Dated: December 17, 2025**

**Ct. No. 24-00126**

<u>**TABLE OF CONTENTS**</u>

**Page**

I.     INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT ................................................................................................................... 1

III.   CONCLUSION ................................................................................................................ 4

Ct. No. 24-00126

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Tianjin Tiancheng Pharmaceutical Co., Ltd. v. United States*,
    366 F. Supp. 2d 1246 (Ct. Int'l Trade 2005) ............................................................................3

**Statutes**

19 U.S.C. § 1675(a)(2)(b)(iv) ............................................................................................................3

19 U.S.C. § 1675(a)(2)(b)(iv)(V) .....................................................................................................2

**Administrative Materials**

*Certain Frozen Fish Fillets From the Socialist Republic of Vietnam*,
    89 Fed. Reg. 53,043 (Dep't Commerce June 25, 2024) ....................................................2

Ct. No. 24-00126

## I.    <u>INTRODUCTION</u>

On behalf of the plaintiffs in this action, Catfish Farmers of America and individual U.S. catfish processors America's Catch, Inc., Alabama Catfish, LLC d/b/a Harvest Select Catfish, Inc., Consolidated Catfish Companies, LLC d/b/a Country Select Catfish, Delta Pride Catfish, Inc., Guidry's Catfish, Inc., Heartland Catfish Company, Magnolia Processing, Inc. d/b/a Pride of the Pond, and Simmons Farm Raised Catfish, Inc. ("Plaintiffs"), we hereby submit the following comments in support of the November 17, 2025 remand determination issued by the U.S. Department of Commerce ("Commerce"). Redetermination Pursuant to Ct. Remand Order (Nov. 17, 2025), ECF No. 40 ("Remand Determination"). In its remand determination, Commerce properly finds that Co May Import-Export Company Limited ("Co May") did not have a *bona fide* sale of subject merchandise during the period of review ("POR"). *See id.* at 2. In this regard, the Remand Determination is consistent with the Court's June 5, 2025 opinion. *Catfish Farmers of America, et al. v. United States*, Ct. No. 24-00126, Slip Op. 25-70 (Ct. Int'l Trade June 5, 2025), ECF No. 32 ("Slip Op. 25-70"). Therefore, the Court should sustain Commerce's determination as it is supported by substantial evidence and in accordance with law.

## II.    <u>ARGUMENT</u>

The Remand Determination fully and appropriately responds to the Court's opinion and remand order, and it is otherwise consistent with law and supported by the record. *See* Remand Determination at 5-15. On remand, the Court instructed Commerce to reconsider and fully explain the profitability analysis it used to find that Co May's sale was *bona fide*, specifically addressing the impact of antidumping duties and sales between affiliated parties. Slip Op. 25-70 at 18. Commerce properly addressed both issues in its remand analysis, and, based on this analysis, determined that Co May's sale was not *bona fide*. *See* Remand Determination at 20.

Ct. No. 24-00126

**A.    Commerce Reasonably Concluded that Antidumping Duty Cash Deposit Rates Would Impact the Potential Profitability of Co May's Sale**

Commerce properly concluded that "it is appropriate to consider AD cash deposit rates" when conducting a *bona fide* sale analysis and found that the potential for significant AD duties weighs against Co May's sale being *bona fide*. Remand Determination at 7-10. Commerce must consider whether subject merchandise was resold in the United States at a profit as part of its *bona fide* sales analysis. *See* 19 U.S.C. § 1675(a)(2)(b)(iv)(V). In the underlying investigation, Commerce did not consider the potential for AD duties when determining that a sale was profitable under its *bona fide* analysis. Issues and Decision Memorandum accompanying *Certain Frozen Fish Fillets From the Socialist Republic of Vietnam*, 89 Fed. Reg. 53,043 (Dep't Commerce June 25, 2024) (final results of antidumping duty new shipper rev.; 2022-2023), P.R. 211, at 5 ("*Certain Frozen Fish Fillets From Vietnam* IDM"). Specifically, the Department contended that adjusting its analysis of the U.S. sales price to account for AD duties when determining profitability would run counter to its practice not to deduct these duties in other contexts. *Id.*

However, following the Court's opinion and remand order, in this remand proceeding, Commerce considered that the potential for substantial AD cash deposits would factor into Customer A's decision making on whether to source products from Co May. Remand Determination at 9. It explained that customers would not know whether their supplier would eventually receive a separate rate. *Id.* Moreover, even with the potential for a refund, AD cash deposits must be posted on entry, impacting a company's cash flow. *Id.* As a result, Commerce reasonably concluded that the potential for large duties and expense of cash deposits weigh against Co May's sale being *bona fide*. *Id.* at 10.

2

Ct. No. 24-00126

**B.    Commerce Reasonably Considered Customer A's Relationship with Its Downstream Customers**

Commerce also correctly concluded that the relationship between Customer A and its downstream customers draws into question whether Co May's single sale was resold at a profit. Remand Determination at 10-12. In the underlying investigation, Commerce declined to consider whether Co May's customer resold merchandise at a profit, claiming that the first at arm's length customer (*i.e.* to Customer A) is the only relevant question. *Certain Frozen Fish Fillets From Vietnam* IDM at 7. Moreover, Commerce declined to find that Customer A was affiliated with its downstream customers. *Id.* at 7-8. However, based on the Court's instruction to reconsider the impact of Customer A's affiliation, Commerce explained that it agreed with the Court's finding that record evidence indicated an affiliation relationship between Customer A and its downstream customer. Remand Redetermination at 11. Based on this finding, and a finding that Co May did not fully comply with requests about Customer A's downstream customers, Commerce concluded that there was insufficient evidence to determine that Co May's resale to Customer A was profitable based on the ultimate resale cost. *Id.* at 12.

**C.    Commerce Correctly Found that Co May's Sale Was Not *Bona Fide* Based on Substantial Record Evidence**

Based on the two aforementioned conclusions, Commerce's Remand Determination reevaluated the profitability of Co May's sale to Customer A. *See id.* at 12-16. "A sale is not *bona fide* when it is 'commercially unreasonable' or 'atypical of normal business practices.'" *Tianjin Tiancheng Pharmaceutical Co., Ltd. v. United States*, 366 F. Supp. 2d 1246, 1249-50 (Ct. Int'l Trade 2005). Through this framework and factors outlined in 19 U.S.C. § 1675(a)(2)(b)(iv), Commerce explained that Customer A's decision to purchase from Co May, rather than a company with a lower AD rate, would require significant cash deposit rates and suggested a commercial

Ct. No. 24-00126

decision that outweighed the benefits Customer A would receive from Co May. Remand Determination at 13. Therefore, Commerce has complied with the Court's opinion to reconsider the profitability analysis in its *bona fide* sales determination and reasonably concluded based on this analysis that Co May's sale was "unreasonable or atypical of normal business practices" and not *bona fide*. Remand Redetermination at 16.

III.    <u>CONCLUSION</u>

For the reasons above, Plaintiffs respectfully request that the Court sustain Commerce's finding that Co May did not have a *bona fide* sale of subject merchandise during the POR.

Respectfully submitted,

*/s/ Nazak Nikakhtar*

Nazak Nikakhtar, Esq.
Maureen E. Thorson, Esq.
Stephanie M. Bell, Esq.
John Allen Riggins, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the Catfish Farmers of America and individual U.S. catfish processors America's Catch, Inc., Alabama Catfish, LLC d/b/a Harvest Select Catfish, Inc., Consolidated Catfish Companies, LLC d/b/a Country Select Catfish, Delta Pride Catfish, Inc., Guidry's Catfish, Inc., Heartland Catfish Company, Magnolia Processing, Inc. d/b/a Pride of the Pond, and Simmons Farm Raised Catfish, Inc.*

Dated: December 17, 2025

4

CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(l), the undersigned certifies that these comments comply with the word limitation requirement. The word count for Plaintiffs' Comments in Support of the Final Results of Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2021), is 1,000 words.

 /s/ Nazak Nikakhtar
(Signature of Attorney)

 Nazak Nikakhtar
(Name of Attorney)

Catfish Farmers of America and individual U.S. catfish processors America's Catch, Inc., Alabama Catfish, LLC d/b/a Harvest Select Catfish, Inc., Consolidated Catfish Companies, LLC d/b/a Country Select Catfish, Delta Pride Catfish, Inc., Guidry's Catfish, Inc., Heartland Catfish Company, Magnolia Processing, Inc. d/b/a Pride of the Pond, and Simmons Farm Raised Catfish, Inc.
(Representative Of)

December 17, 2025
(Date)