# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| CATFISH FARMERS OF AMERICA, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) | Court No. 24-00126 |

## **ORDER**

Upon consideration of the Department of Commerce's final results of redetermination pursuant to Court remand, dated November 17, 2025, ECF No. 39, the record of this proceeding, and all other pertinent papers, it is hereby

ORDERED that the final results of redetermination pursuant to Court remand are sustained.

Dated: _____          _____
      New York, NY                                              JUDGE

### IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| CATFISH FARMERS OF AMERICA, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Court No. 24-00126 |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

### DEFENDANT'S RESPONSE TO
### COMMENTS ON COMMERCE'S REMAND RESULTS

Defendant, the United States, respectfully submits this response to the comments filed by plaintiffs Catfish Farmers of America and the following individual U.S. catfish processors: America's Catch, Inc.; Alabama Catfish, LLC d/b/a Harvest Select Catfish, Inc.; Consolidated Catfish Companies, LLC d/b/a Country Select Catfish; Delta Pride Catfish, Inc.; Guidry's Catfish, Inc.; Heartland Catfish Company; Magnolia Processing, Inc. d/b/a Pride of the Pond; and Simmons Farm Raised Catfish, Inc. (collectively, CFA). *See* Final Results of Redetermination Pursuant to Court Remand, ECF No. 39 (Remand Results).

Commerce has fully complied with the Court's remand order. *See* Remand Order, ECF No. 31. Specifically, consistent with the Court's remand order, Commerce reviewed and considered its profitability analysis, including the application of duty deposits, and the impact of downstream customer affiliation on the bona fide sale determination. *See* Remand Results, ECF No. 39-1. On remand, Commerce determined that cash deposits were a relevant consideration for the bona fide sale determination, *id.* at 8-10, and Commerce agreed with the Court's analysis that record evidence indicates an affiliation with downstream customers. *Id.*

at 10-12.  Commerce therefore concluded that the pertinent sale of subject merchandise was not a bona fide sale.  *Id.* at 20.

CFA supports the remand results, and has requested that the Court sustain the final results of the remand redetermination.  Plaintiff Comments, ECF No. 43.  Because no other comments were filed and no party contests Commerce's remand results, the Court should sustain them and enter judgment accordingly.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRETT A. SHUMATE<br>Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | GEOFFREY M. LONG<br>Assistant Director |
| OF COUNSEL: |  |
| K. GARRETT KAYS<br>Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel for Trade<br>  Enforcement and Compliance<br>1401 CONSTITUTION AVENUE, NW<br>Washington, D.C. 20230 | /s/ Matthew D. Lewis<br>MATTHEW D. LEWIS<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480, Ben Franklin Station<br>Washington, DC 20044<br>(202) 880-6321<br>matthew.lewis@usdoj.gov |
| Dated:  January 2, 2025 | Attorneys for Defendant |

2

## CERTIFICATE OF COMPLIANCE

    I hereby certify that this brief complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 242 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

    /s/ Matthew D. Lewis