Slip Op. 26-2

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CATFISH FARMERS OF AMERICA; AMERICA'S CATCH, INC.; ALABAMA CATFISH, LLC; CONSOLIDATED CATFISH COMPANIES, LLC; DELTA PRIDE CATFISH, INC.; GUIDRY'S CATFISH, INC.; HEARTLAND CATFISH COMPANY; MAGNOLIA PROCESSING, INC.; SIMMONS FARM RAISED CATFISH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Jane A. Restani, Judge <br><br> Court No. 24-00126 |

## MEMORANDUM OPINION

Following remand,[1] the United States Department of Commerce ("Commerce") submitted the Final Results of Redetermination Pursuant to Court Remand, ECF No. 39-1 (Nov. 17, 2025) ("Remand Results"). In the Remand Results, Commerce concluded that exporter Co May Import-Export Company Limited's ("Co May") sale of subject merchandise was not bona fide. See Remand Results at 5–16. Plaintiffs Catfish Farmers of America, America's Catch, Inc., Alabama Catfish, LLC d/b/a Harvest Select Catfish, Inc., Consolidated Catfish Companies, LLC d/b/a Country Select Catfish, Delta Pride Catfish, Inc., Guidry's Catfish, Inc., Heartland Catfish Company, Magnolia Processing, Inc. d/b/a Pride of the Pond, and Simmons Farm Raised Catfish, Inc. (collectively, "Plaintiffs") submitted comments in support of the Remand Results on

---

[1] See Catfish Farmers of Am. v. United States, 788 F. Supp. 3d 1341 (CIT 2025).

December 17, 2025. See Pls.' Comments in Support of the Final Results of Redetermination Pursuant to Court Remand, ECF No. 43 (Dec. 17, 2025) ("Pls. Cmts."). On January 2, 2026, the government submitted its response to Plaintiffs' comments on Commerce's Remand Results. See Def.'s Resp. to Comments on Commerce's Remand Results, ECF No. 44 (Jan. 2, 2026) ("Def. Resp."). Plaintiffs and the government agree that Commerce's Remand Results comply with this court's prior remand order in Catfish Farmers of Am. v. United States, 788 F. Supp. 3d 1341 (CIT 2025) ("Catfish I").[2] See Pls. Cmts. at 1; Def. Resp. at 1–2.

The court finds the Remand Results comply with the court's remand order[3] and are supported by substantial evidence and in accordance with law. See 19 U.S.C. § 1516a(b)(1)(B)(i). Judgment will enter accordingly.

/s/ Jane A. Restani
Jane A. Restani, Judge

Dated: January 8, 2026
      New York, New York

---

[2] In Catfish I, the court sustained in part and remanded in part Commerce's final determination in its new shipper review of the antidumping duty order on certain frozen fish fillets from the Socialist Republic of Vietnam, Certain Frozen Fish Fillets From the Socialist Republic of Vietnam: Final Results of Antidumping Duty New Shipper Review; 2022-2023, 89 Fed. Reg. 53043 (Dep't Commerce June 25, 2024). 788 F. Supp. 3d at 1354. The court remanded to Commerce to explain whether the antidumping cash deposits submitted by Co May should be included in determining the profitability of the resale of Co May's merchandise, and whether the indicia of affiliation between Co May's customer (Customer A) and Customer A's downstream customers should affect Commerce's profitability analysis under 19 U.S.C. § 1675(a)(2)(B)(iv). Id. at 1351–54.

[3] The court also reviews Commerce's redetermination for compliance with the court's prior remand order. Haixing Jingmei Chem. Prods. Sales Co. v. United States, 357 F. Supp. 3d 1337, 1340 (CIT 2018) (quoting SolarWorld Ams., Inc. v. United States, 273 F. Supp. 3d 1314, 1317 (CIT 2017)).